IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, <br> TDCJ No. 356764, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:22-cv-403-E-BN |
| DIRECTOR, TDCJ-CID, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ismael Hernandez Padilla, a Texas prisoner and frequent *pro se* litigant, has filed a Motion for Leave to File and; Notice of Appeal, Motion to Proceed In Formal Pauperis, with "Objections" [Dkt. No. 2], referencing prior cases that he filed in this Court. United States District Judge Ada Brown referred this filing, construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254, to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Padilla leave to proceed and dismiss this case without prejudice.

As recounted almost three years ago,

> [b]ased on prior sanctions orders from the United States Court of Appeals for the Fifth Circuit and this Court, Padilla is barred from filing any pleadings that challenge his 1983 state convictions for robbery and rape, *see State v. Padilla*, Nos. F82-90756 & F83-88766, until the monetary sanctions imposed on him are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings, *see, e.g.*, *Padilla v. Stephens*, No. 3:14-cv-779-B-BK, Dkt. Nos. 5 & 6 (N.D. Tex.

2014); *Padilla v. Stephens*, No. 14-10473 (5th Cir. June 8, 2014).
As the Fifth Circuit recently recounted,

> Padilla's repeated, unsuccessful efforts to attack his convictions have resulted in the imposition of sanctions by this court totaling $700, and he is barred from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his convictions until those sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings.

*In re Padilla*, No. 18-90018 (5th Cir. Sept. 5, 2018) (citing *Padilla v. Stephens*, No. 14-10354 (5th Cir. Mar. 10, 2015); *Padilla v. Stephens*, No. 14-10597 (5th Cir. Mar. 6, 2015); *Padilla v. Stephens*, No. 14-10662 (5th Cir. Mar. 4, 2015); *Padilla v. Stephens*, No. 14-10591 (5th Cir. Feb. 10, 2015); *In re Padilla*, No. 14-10344 (5th Cir. July 22, 2014); *In re Padilla*, No. 14-10307 (5th Cir. June 18, 2014); *Padilla v. Stephens*, No 14-10473)).

*Hernandez Padilla v. United States*, No. 3:19-cv-587-C-BN, 2019 WL 1559588, at *1 (N.D. Tex. Mar. 19, 2019) (further citing *In re Padilla*, No. 18-90018 ("Padilla's motion to proceed as a sanctioned litigant is DENIED. Padilla is again CAUTIONED that the filing of frivolous or repetitive challenges to his convictions in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.")), *rec. adopted*, 2019 WL 1556580 (N.D. Tex. Apr. 20, 2019) (administratively closing case based on prior sanctions).

Insofar as Padilla's current filing is an attempt to request leave to proceed without satisfying the sanctions imposed by the Fifth Circuit, Padilla fails to articulate a reason why leave should be granted. And this Court, as one subject to the Fifth Circuit's jurisdiction, should deny leave and dismiss Padilla's current collateral attack on his state convictions without prejudice.

### Recommendation

The Court should deny leave and dismiss this case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE